**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-62058-CIV-SMITH/VALLE**

YASSER ANAYA,

    Petitioner,

vs.

JULIE L. JONES, *et al.*,

    Respondents.

_____/

**ORDER AFFIRMING AND ADOPTING IN PART REPORT AND**
**RECOMMENDATION TO THE DISTRICT JUGE**

This matter comes before the Court upon the Report and Recommendation to the District Judge [DE 16] (the "Report") and Petitioner Yasser Anaya's Objections to the Report and Recommendation [DE 16] (the "Objections"). In his Petition for Habeas Corpus Relief [DE 1] (the "Petition"), Petitioner asserts that trial counsel was ineffective in two areas: (i) failing to engage in and explain the plea negotiation process and (ii) failing to adequately investigate and prepare an effective defense for trial and evaluate the strengths and weaknesses of Petitioner's case. In her Report, Magistrate Judge Valle recommends the Petition and a Certificate of Appealability both be denied. For the reasons stated below, the Report is affirmed and adopted in part**.**

**I.**     **LEGAL STANDARD**

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). A court, in its discretion, need not consider arguments that were not in the first instance presented to the magistrate judge. *Calderon v. Springs Landscape & Maint., Inc.*, Civ. A. No. 17-22869-CIV-Scola, 2018 WL 6444227, at *2 (S.D. Fla. Dec. 10, 2018) (citing Local Mag. J. R. 4(b)).

**II.     DISCUSSION**

      **A. The Magistrate Judge correctly concludes that the Petition was untimely.**

In her Report, Magistrate Judge Valle concludes that the Petition is untimely. (R. & R. at 13-16.) Petitioner objects to this finding for two reasons. First, Petitioner contends that he is entitled to statutory tolling under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (d)(2). (Obj. at 3-4.) Second, Petitioner contends that Magistrate Judge Valle erred in concluding equitable tolling is inapplicable. (Obj. at 4-6.) The Court will address each in turn.

      **i. Petitioner is not entitled to statutory tolling under the AEDPA.**

Pursuant to 28 U.S.C. § 2244(d)(1), the limitation period to file a habeas corpus petition begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Further, 28

U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for a state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). "In the context of a federal habeas petition, the statute of limitations runs from the date of state resentencing and not the date of the original judgment." *Maharaj v. Sec. for Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002) (citation omitted). Petitioner was resentenced on December 21, 2011. (R. & R. at 13.) Thus, Petitioner's judgment became final on January 20, 2012. As such, Petitioner had one year from January 20, 2012 to file his petition under the AEDPA.

Petitioner filed his first petition for federal habeas corpus on October 27, 2011 (the "2011 Petition"). (*Id*. at 6.) However, the 2011 Petition was dismissed without prejudice because Petitioner failed to exhaust all of his state remedies, as required before filing a petition. *See generally Anaya v. McNeil*, No. 11-CV-62315-KMW (S.D. Fla. Oct. 27, 2011). Petitioner did not raise trial counsel's alleged failure to participate in the plea negotiation process or secure a plea until his 2011 Petition. (*Id*. at 17.) Further, for the first time on appeal from the lower court's denial of Petitioner's initial 3.850 motion for post-conviction relief, Petitioner argued that his trial counsel failed to pursue an insanity defense. (*Id*. at 16.) Thus, Magistrate Judge Valle correctly concluded that Petitioner failed to exhaust the available state court remedies. (*Id*.) Petitioner contends that the District Court Judge gave him an opportunity to re-file his Petition after exhausting his state court remedies when his first petition was dismissed without prejudice.

However, this does not mean that Petitioner is permitted to refile his Petition outside the one-year statute of limitation.[1]

Petitioner contends that the Petition currently before the Court should take the place of his 2011 Petition, or simply should relate back to his initial petition. (Obj. at 4.) Again, the Court disagrees. The first petition was not ripe for determination because the issues raised in the first petition had not been properly raised by Petitioner as part of his first motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. Thus, the issues raised in the instant Petition currently before the Court were first raised before the state court on September 11, 2013—after the deadline for doing so. Because the motion was untimely, it was denied by the state trial court as procedurally barred (R. & R. at 7-8) a decision that was reaffirmed by the Fourth District Court of Appeal on January 26, 2017 (R. & R. at 8).

Because the state courts found Petitioner's second motion to be timed barred, this Court must find that such motion did not toll the one-year AEDPA limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (finding petitioner was not entitled to statutory tolling under § 2244(d)(2) where state court rejected a petition for post-conviction relief as untimely). Magistrate Judge Valle correctly concluded that Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), and thus, Petitioner's objection is overruled. The Court adopts this portion of the Report.

---

[1] Petitioner contends that this is a case of first impression, whereby the Magistrate Judge and the District Court Judge instructed Petitioner to exhaust all state court remedies, the District Judge denied his first petition without prejudice and allowed him to later refile after exhaustion. (Obj. at 5.) The Court disagrees as it is not unusual for a court to dismiss a habeas corpus petition where a petitioner has filed before exhaustion. Nor is it unusual for a petitioner to refile after exhaustion, so long as the federal claims can be properly pursued. Although the first petition in this matter was dismissed without prejudice, Petitioner is still barred from bringing his claims because they are timed barred. Petitioner does not contest Magistrate Judge Valle's conclusion that he is procedurally barred from now raising these claims.

4

### ii. Equitable tolling is inapplicable to Petitioner's habeas corpus petition.

Next, Petitioner contends that Magistrate Judge Valle erred in concluding that equitable tolling is inapplicable to his second habeas corpus petition filed before this Court on March 23, 2017. More specifically, Petitioner argues that his re-filed Petition "must be allowed to proceed to be adjudicated on its merits based upon the principal of equitable tolling." (Obj. at 4.) Again, the Court disagrees.

In his Objections, Petitioner asserts that he "took the extraordinary step of preparing and filing his Petition for Writ of Habeas Corpus in 2011, to insure his ability to proceed in the United States District Court was preserved and unencumbered." (Obj. at 4-5). Furthermore, Petitioner contends that equitable tolling is applicable, given the District Court Judge's directive for Petitioner to refile his Petition once he exhausted all his state court remedies (*Id.* at 5-6.) As previously stated above, Petitioner failed to exhaust all state court remedies and seemingly does not address this point in his Objections. Although the Court acknowledges Petitioner's efforts in pursing his Petition, such efforts must be timely and comport with the laws and procedure governing federal habeas corpus claims.

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F. 3d 1298, 1300 (11th Cir. 2000) (citation omitted). "Mere attorney negligence does not justify equitable tolling." *Id.* The record evidence shows that Petitioner's renewed Florida Rule of Criminal Procedure 3.850 motion filed in state court on September 11, 2013 was procedurally barred. In her Report, Magistrate Judge Valle reaches this same conclusion. Further, Petitioner has failed to present the Court with reasons why the issues raised in his second motion for post-conviction relief were not properly raised before the state court in his initial motion for post-conviction relief. In fact, had such issues been properly raised in Petitioner's initial state

court motion for post-conviction relief, the outcome of his initial habeas corpus petition may have differed.

Because the claims are procedurally barred and tolling—whether statutory or equitable—is inapplicable, the Petition is denied. The Court adopts this portion of the Report.

**B. Magistrate Judge Valle correctly concluded that Petitioner failed to satisfy the Strickland Standard.**

Although Magistrate Judge Valle found the Petition untimely, she also addressed Petitioner's substantive claim. Petitioner objects to the findings regarding his ineffective assistance of counsel claim. Having found that the Petition is untimely, the Court need not address Petitioner's Objections with respect to his substantive claims. However, it will in the interest of efficiency.

Magistrate Judge Valle correctly concluded that Petitioner's claim for ineffective assistance of counsel failed on the merits. (R. & R. at 19-22.) Petitioner objects, arguing that Magistrate Judge Valle erred in finding that he did not satisfy standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (Obj. at 9.) Particularly, Petitioner argues that the Report improperly "focuses on the efficacy of such an insanity/voluntary intoxication defense, dwelling on the difficulties of effectively presenting such a defense instead of focusing on or even recognizing the real-life devastation which results from promising a jury any particular defense, only to be forced, through a lawyer's own sub-standard preparation and care, to change or worse, totally abandon such a defense." (*Id.* at 10.) Petitioner also contends that Magistrate Judge Valle erred in failing to conduct an evidentiary hearing and that at the very least, an evidentiary hearing is required in this case. (*Id.* at 10.)

Under *Strickland*, in order to establish an ineffective assistance of counsel claim, Petitioner must prove that: (1) counsel's representation of Petitioner fell below an objective standard of

reasonableness and (2) the deficient performance prejudiced Petitioner. *See Strickland*, 466 U.S. at 687-88. Under the first prong of the *Strickland* standard, Petitioner bears a heavy burden: he "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted). Under the second prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In her Report, Magistrate Judge Valle correctly concluded that Petitioner failed to show that the trial counsel's performance did not fall below "an objective standard of reasonableness," under prevailing professional norms. Here, Petitioner argues that trial counsel was ineffective because he changed trial strategy by deciding not to call an expert to support a voluntary intoxication defense. However, a change in trial strategy does not mean that trial counsel was ineffective. Nor has Petitioner shown that no competent counsel would have taken the action of his trial counsel. There is nothing in the record to suggest that any expert testimony would have changed the outcome of Petitioner's trial, and thus, Petitioner cannot show prejudice. Because Petitioner must meet both prongs of *Strickland* to succeed on an ineffective assistance of counsel claim, Petitioner's objection is without merit and is overruled.

Magistrate Judge Valle also correctly concluded that no evidentiary hearing is necessary. *See Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir. 1982) ("On a habeas a federal court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."). Because Petitioner has failed to allege

sufficient facts to support a claim for ineffective assistance of counsel, no evidentiary hearing is necessary in this matter. Thus, this objection is also overruled.

      **C. Magistrate Judge Valle correctly concluded that Petitioner's Application for Certificate of Appealability should be denied.**

The Court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Petitioner would need to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1341 (11th Cir. 2007) (citation omitted).

Further, "[i]f a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims." *Jimenez*, 481 F.3d at 1342. "However, if unexhausted claims would be procedurally barred in state court under the state's law of procedural default, the federal court may consider the barred claims as having no basis for federal habeas relief." *Id.* Petitioner's claims are procedurally barred and cannot be raised in state court. Thus, the Court finds no basis for federal habeas relief. Because reasonable jurists would conclude that the petition should be dismissed and that Petitioner should not be allowed to proceed further,

Petitioner's application for a COA is denied. *See Jimenez*, 481 F.3d at 1342. The Court adopts this portion of the Report.

Accordingly, it is

**ORDERED** that:

1. The Petition for Habeas Corpus Relief [DE 1] filed by Petitioner Yasser Anaya is **DENIED**.

2. A Certificate of Appealability is **DENIED.**

3. The case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of March 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record